```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


   CELIA PEARLMANN,          :   CIVIL ACTION
                             :   NO. 08-76
        Plaintiff,           :
                             :
   v.                        :
                             :
                             :
   CHESTER UPLAND SCHOOL     :
   DISTRICT ET AL.,          :
                             :
        Defendants.          :
```

O R D E R

**AND NOW**, this **8th day of May 2008**, for the reasons stated on the record at the May 6, 2008 hearing, it is hereby **ORDERED** that defendant Chester Upland School District's motion to dismiss (doc. no. 3) is **GRANTED in part and DENIED in part**. Plaintiff's claim for punitive damages against the School District is dismissed.[1]

It is further **ORDERED** that defendant Chester Upland Education Association's motion to dismiss (doc. no. 4) is **DENIED** except that plaintiff's claim for monetary damages against the Education Association is stricken.[2]

---

[1] The School District's motion to dismiss plaintiff's claim for punitive damages is unopposed.

[2] Plaintiff sues Chester Upland Education Association, the collective bargaining agent, or union, representing the teachers of Chester Upland, for breach of the duty of fair representation. At the hearing on May 6, 2008, plaintiff's counsel correctly noted that the Pennsylvania Public Employee Relations Act ("PERA") governs this claim because plaintiff is a

public employee and Chester Upland School District is a public employer. See 43 P.S. § 1101.101 et seq. (governing relationship between public employer and public employees); id. § 1101.301 (defining a school district as a public employer); Jackson v. Temple Univ. Of Cmwlth. Sys. of Higher Educ., 721 F.2d 931, 933 (3d Cir. 1983) (holding that Pennsylvania public employees are not covered by the National Labor Relations Act, but are governed by the PERA, 43 P.S. § 1101.101).  The Court has jurisdiction over this state law claim under 28 U.S.C. § 1367, which provides that a district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy" even if the claims "involve the joinder . . . of additional parties."  28 U.S.C. § 1367(a); see 7 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1659 (2008).

Because plaintiff's claim against the Education Association arises under state, not federal law, only equitable remedies are available to plaintiff.  Under federal law, the right to sue one's union for breach of the duty of unfair representation has been "judicially implied from the statute" in which "Congress empowered unions to bargain exclusively for all employees in a particular bargaining unit."  Int'l Bhd. of Elec. Workers v. Foust, 442 U.S. 42, 46-47 (1979).  Federal courts have concluded that, by so empowering unions, Congress "imposed . . . a correlative duty . . . to exercise that authority fairly."  Id. Federal law provides that compensatory damages and equitable relief are available for a claim of unfair representation, but punitive damages are not.  Id. at 49, 52.

Although federal and state labor laws pursue many of the same policies, in suits governed by the PERA, the Supreme Court of Pennsylvania has rejected the wholesale applicability of federal law.  Martino v. Transp. Workers' Union of Philadelphia, Local 234, 480 A.2d 242, 248 n.10 (Pa. 1984) (discussing differences between federal and Pennsylvania labor law).  In Martino, the Court examined and rejected the federal approach of allowing monetary damages in suits by an employee for unfair representation. Following Martino, the Commonwealth Court has repeatedly held that "[a]bsent a claim that there was a conspiracy between the union and the employer, the sole remedy for a breach of a union's duty of fair representation is an order compelling arbitration." Casner v. Am. Fed. of State, County and Mun. Employees, 658 A.2d 865, 870 (Pa. Cmwlth. Ct. 1995); Speer v. Philadelphia Hous. Auth., 533 A.2d 504, 506 (Pa. Cmwlth. Ct. 1987) ("a discharged employee has an action in . . . court against the union to compel arbitration").  Plaintiff has not alleged that there was a conspiracy between the defendants; therefore, the only remedy available to her for her unfair

It is further **ORDERED** that plaintiff will amend the complaint as to her claim for breach of contract by **Thursday, June 5, 2008.**

**AND IT IS SO ORDERED.**

                                    S/Eduardo C. Robreno
                                    **EDUARDO C. ROBRENO, J.**

---

representation claim is an order compelling arbitration. Therefore, plaintiff's prayer of relief for damages (including punitive damages) will be stricken.

      Notwithstanding the absence of damages, the Association's motion to dismiss plaintiff's claim will be denied. To prevail on a claim for unfair representation plaintiff "must show that [the union] acted in bad faith, or exhibited arbitrariness or discrimination in failing to file [a] grievance" on plaintiff's behalf. Casner, 658 A.2d at 871. Showing that a union behaved negligently or did not fully carry out its usual procedures for handling a grievance will not establish a breach of the union's duty. Dorfman v. Penn. Soc. Servs. Union, Local 668, 752 A.2d 933, 936-37 (Pa. Cmwlth. Ct. 2000). Here, however, plaintiff does not allege that the union behaved negligently; rather, she alleges that the union did nothing at all. When plaintiff contacted the union president regarding her situation, the president allegedly stated that she did not know what plaintiff was talking about and that plaintiff should check her mailbox. Am. Cmplt. ¶¶ 46-47; EEOC Charge, Ex. 1 to Am. Cmplt. The union took no steps to investigate whether or not plaintiff had a meritorious grievance so that it could effectively exercise its discretion in determining whether to file a grievance, nor did the union respond to efforts by plaintiff or her counsel to contact the union regarding the situation. If proven, such facts could show that the union behaved arbitrarily by rejecting plaintiff's request for a grievance without even knowing the facts underlying the request. In such event, plaintiff would be entitled to equitable relief compelling arbitration.